Case number 11-1850, 3 C Wells v. Colonial Heights Recreation Center, Inc. Again, I'd like the parties to identify themselves. Make sure that you speak up. My head is clogged and I'm like, I don't know if I'm speaking real loud or not, but if you just speak up and identify yourselves and make sure you speak up so we can record you. Okay, I can hear you fine. My name is Patrick Dwyer. On behalf of plaintiff Therese Wells, with me today is James Coogan, who is the trial attorney of this case. May it please the court and counsel. And first of all, thank you, Your Honors, for taking a second look at this case. This is one of the rare cases where taking a look after a green brief was filed and I had the pleasure of filing an orange brief, which I've never had the chance to do before, so thanks again for taking another look. And that being said, you guys have looked at it in detail once. I don't necessarily need a ton of your time today. I know we have a lot on your call, so I'll reserve five minutes on rebuttal. And as Your Honors know already, this case involves the fall related to a step on a pool. We've read the briefs, we've read the petition, we're aware of that. Tell us what was wrong with the majority's decision. Specifically, just going directly to paragraph 23 of the majority's decision, it states that the trial court in fact considered negligence. And if I could remind Your Honors that the motion for summary judgment was based solely and exclusively on the issue of notice. Let me ask you this. The quotation from the judge's decision on the motion for reconsideration that is present in this brief, was it present in the prior brief? The statement by the judge that said, you didn't give me everything that's in the record. Had you given me this additional material that you're now presenting to me, the decision might have been different. I know it's a harsh decision, but it's a decision I'm going to stick with. That quotation. We included it, I believe, there were several places throughout the transcript where she said it was unjust, I wish I had this before. Because here's my concern. Seems to me that if you're going on a summary judgment motion, the entire record is available for consideration. And it cannot be that a client, that a party is, that judgment is free and clear on behalf of a party based on a different perspective of the theory of the complaint that is put forth by the plaintiff. The judge has one theory, and the plaintiff has another. Each responds according to their theory that they read into the complaint. And the judge says, well, I understand you're alleging here a premises theory of fault. And under that, I need you to, I needed a different response from you than what you gave me, even though that availability of evidence was here in the record, I'm not going to give you a second chance. And that seems like an awfully harsh, to quote the judge, outcome. If she's basically saying, you know, you would have won, but for, you know, the material that you presented to me, but the material presented was all that counsel thought was necessary. It wasn't an absence of support in the record. It was simply two divergent views of what the theory was in the complaint. So, if I'm understanding you correctly, and I might, I beg your pardon to use an analogy, but they began with their motion for summary judgment was related to the issue of notice. Our complaint is just related to negligence, which involves control. When they met their burden of production, as they are, as they have to do as the move-in, it's when they do it on notice, which is an element that plaintiffs did not have to prove at trial, it's like buttoning a shirt without, you know, with getting the wrong button. Once you start wrong, it begins wrong. I hate to interrupt you, but, I mean, and my problem with it, of course, rereading your petition and rereading the initial brief is looking at the plaintiff's response to the motion for summary judgment. When they saw the summary judgment motion was on an issue of notice, in reading the transcript, I never read the plaintiff's lawyer saying, no, notice is not an issue, but we have actual or constructive notice, and we are relying on the Reed case. But the plaintiff never said, and our theory is just a general negligence theory. He said, we do have notice, or we have constructive notice, and notice is really not an issue because of Reed. They responded both to the notice. They said notice did not matter because there was never an inspection that was actually done within the pool. They said notice did not matter because the person who actually inspected it for AquaGard could not be found. So they addressed it directly head on, and they said there's still issues of fact on that notice if it was irrelevant. Then in section D of plaintiff's response brief, that's when it attacked Reed. It said, it doesn't matter, we're alleging negligence, and Reed is basically the seminal piece. But did they say we're not alleging premises liability, we're alleging negligence? I think if you look at the, it's just clear that the court did not understand that she couldn't look at the complaint which alleged negligence. Here's a more fundamental problem that I was trying to explain, is that it seems to me the summary judgment motion should not be driven by the party seeking summary judgment as a defendant. That it shouldn't be driven by his response, putting, shifting the burden onto you that has nothing to do with your complaint, which is what I thought your position was before the circuit court. If you're saying we don't have, we're not addressing notice in our complaint because notice wasn't an issue. They can't drive the, they can't force, I don't think they should. Or at least I don't, I'm unaware of a case that says that the summary judgment, the issue on summary judgment can be driven by the party seeking summary judgment. It can't be driven by the plaintiffs, by the defendant's motion. The defendant's motion has to reasonably take into consideration the complaint before the court. They can't recharacterize it, they can't change the nature of it in their motion and then say you lose because you didn't address it. I absolutely agree with that, your honor. Is that what they were doing? That is what they were doing because there's four elements of negligence that everybody knows we learned in law school. What they were, and what's the difference between negligence and premise liability was very well explained both in the Reid case and most lately by the late Justice Joe Gordon in the Cabernet case. He says you don't have to approve actual or constructive notice in a premises liability case. If you look at their motion for summary judgment, their reply, their response to the motion to reconsider. There was an if in those cases, you didn't say the if. Is there an if you cause the damage or you create the dangerous condition? It's almost transitory. If, for example, you leave something in a position where your workers are going to be distracted by the fall, but it isn't a permanent feature of the premises that you need to show notice. It's because it's the nature of the premises. Perhaps if I could use an example from the Donahoe case, the court, there was an onion on the ground which someone slipped on. You need notice. And you needed notice because the idea was it could have been a customer and it could have been a sufficient length of time. So you may need notice if it could be shown that it was a third party who somehow placed the item which caused the accident. Here it was always admitted this ladder was in their control. It had been installed from the beginning of the season and onward. There was no showing that any third party came in to cause any other damage to this ladder. Here's the other way to look at it, I think, is that if the problem could have been resolved by way of an amendment to the complaint, which almost seems like that's what the judge was saying, then you're not entitled to summary judgment. You're simply entitled to strike the complaint and order a new complaint or a new order. That could be or they could have been given summary judgment as to the idea of notice only and allowed the trial to go forward. But you would need more than one count and you didn't have more than one count. And I think underlying what your suggestion is, this is a very drastic remedy here. A plaintiff gets no day in court, she doesn't get a chance to submit evidence or submit a jury instruction on her complaint of negligence. And that's, in fact, exactly what happened in Reed. In Reed there was a trial, a plaintiff had submitted evidence, some evidence, more than slight evidence at trial. The plaintiff was denied its jury instruction regarding negligence. Walmart submitted a jury instruction regarding premises liability. The trial court denied it on appeal. The appellate court said it, the trial court had abused its discretion. It specifically found that without getting that negligence instruction, the plaintiff was extremely prejudiced. That's exactly what's happening here. To argue otherwise essentially is completely at odds with what, although it is on summary judgment, the plaintiff is denied her ability to go forward on what was alleged. But in your case here, the defendant had control over the ladder and its maintenance at all times, not just when it was placed in the pool at the start of the season. That's correct. The issue is whether there was negligence at the time when the plaintiff used it. That's right, because there was... It can't be anything else under simple negligence theory. Right. And they had a duty to maintain it, to inspect it, and if they found that there was a problem with it, they had a duty to warn or cordon off the area. So it continued from the time that they installed it to... It's not unlike renting a car. If you rent a car, the leasing company has a duty to warn you. It's not like renting a car. If you rent a car, the leasing company has a duty to warn you. It's a duty to give you a good running car. And if you find out that the car isn't properly maintained and has a defect, the rental company doesn't have a right to say, well, we didn't have notice of it. Correct. All right. Unless your honors have any other questions, I'd like to reserve some time for rebuttal. Thank you. Thank you. Good morning, counsel. Good morning. May it please the Court, Ernie Burden on behalf of the appellees, and this is my associate Emily Whitmer. This Court should show no pause in reaffirming its decision of the trial court in this matter. Well, I think we've expressed them. Well, I want to discuss that. We move for summary judgment on the issue of lack of notice, either actual or constructive. It was incumbent upon the plaintiff to come back and demonstrate why she was arguably entitled for a trial. When does notice become an issue in a complaint such as that which was filed below? When does it become an issue? Well, I interpret their complaint as one of premises liability. And what they should have done before the trial court when they responded in their response brief to the motion of summary judgment, said, hey, this case is just not about notice. It's about general negligence, too. It's incumbent upon the party, the non-moving party, to come back with some evidence that arguably entitles them to trial, which they failed to do. Speaking of pause, were you trial counsel? Yes, I was. I understand that there's other evidence in the record that might have led me to a different decision, but harsh as it may seem, I'm going to have to go on the motion and the information that was presented in the course of the summary judgment motion. Does that give you pause? Well, I was given pause by those words by her. Maybe summary judgment wasn't warranted here because there was other evidence that could have avoided the consequences. Other evidence? Let's talk about the other evidence. There was other evidence that wasn't presented for the judge at the time of the summary judgment hearing. That evidence was the depositions of the plaintiff's expert and her other witnesses. They had a perfect opportunity in their response brief to present that evidence. Now, I think the majority and the dissent says that you couldn't consider that evidence because it wasn't properly presented. That's what I was wondering. Is there a case that says that the plaintiff loses on a summary judgment motion where there is evidence to support her theory, but it wasn't presented to the judge in the course of a summary judgment motion? Because it seems to me that a summary judgment motion should, it's not aimed at deciding whether or not there's a material question of fact under the motions that are presented. Before the court, but whether there's a material question of fact in the case itself. The appellate court is littered with cases. Give me your best case that closely approximates this case, or this situation, where the judge said, I know there's other evidence. You're telling me now that there's other evidence in the record that would support your position now, and had you given me that, I would have liked to consider that. Possibly have decided differently. Let's talk about this court, in the case of Campos v. Campos, where they brought a motion to reconsider, with evidence that they didn't present originally to the trial court, and on appeal, this court said, no, no matter what the content of that information is, it should have been brought to the trial court's attention at that time. Well, sometimes it's because the evidence wasn't in the record to begin with, and that they want to really claim new evidence, and that's what they're trying to do. And the evidence here, which the trial court was referring to, was depositions that were procured back in 2009 and 2010. So that evidence was available for some tactical decision, or a fundamental misunderstanding of the summary judgment process. Is that the nature of the summary judgment motion? I mean, should it be one of, you know, you didn't understand the nature of my motion. I'm saying it's not the nature of my motion. I'm saying notice is required, and you didn't respond to it, and therefore I win. Well, let's look at their response, okay? They said notice is not required, but they also said that, and they say it in the Reid case, saying they were negligent. So notice is not required. So they attempted to proceed forward on an issue of negligence. But what they failed to do is attach information or documents to demonstrate how the defendants, or the appellees in this matter, were negligent. Go back to Justice Gordon's point. The complaint itself said that the condo association had full control. And doesn't that save, raise enough to make it a triable issue? Absolutely not. Because you have to have some evidence to suggest that these defendants were negligent. You have nothing. Just like the appellees in this case. You mentioned the Canberra case, with the mat and the plaintiff's counsel talking about that. In that case, they had expert testimony, and also prior information that the mat was affected and how it should have been sealed to the floor. And this case shouldn't have anything. As the majority correctly noted, that all the appellants had in this matter is the plaintiff saying that she fell. She slipped on a step that was submerged in water and claimed that it was too slippery. It wasn't just that. I thought it was that the ladder itself wasn't secured to the wall of the pool, which allowed the ladder to move sideways and cause her foot to slip and get lodged between the ladder and the wall. Also, in the record, C00172 is Adam Norman's deposition for the record. And he talked about, in his deposition, which was before the court, he said that Nature House, which is the pool, where it's attached on the deck of the pool but not attached inside of the pool at the bottom, there's a certain movement of the ladder. At that point, the appellant could have leaned on to that and presented expert testimony to the trial court saying, well, it shouldn't have moved like that or it shouldn't have been that slippery. No. Are you thinking the position that whenever there's a motion for summary judgment that the plaintiff has to produce expert testimony or their summary judgment will be based on that? Oh, I'm not taking that position at all, Justice. I'm taking the position that he or she has to come forth with some information, some evidence, to arguably entitle them to a trial on the facts. And in this particular case, they require... Well, isn't it enough information when a ladder is under somebody's control and it's not secure? They're claiming it's not secure. Isn't that an issue for the jury to decide? Well, I would argue that the plan for a self-laxed foundation to talk to the jury about whether or not the ladder is secure or not is an issue. I'm not talking about security of an apparatus of a ladder, okay? So she can't testify to that. She needed some type of expert testimony here, and that's what the trial court recognized as well. Yeah, but, you know, what you're telling us is that in every case, you know, there should be expert testimony. And, you know, I agree with you. Good lawyers should always have expert testimony, but I don't know that it's always needed. Judge, I am not saying that. I'm saying in this particular case and these particular facts, where the only thing that happens at trial is that the jury has to come forth with an expert testimony. Well, you have testimony. I heard that the ladder moved. But we also had testimony that the ladder was designed to move. Well, don't we have a question of fact? No, it's not a question of fact. She's going to come forth with something else and say that it shouldn't have moved that way. Her just saying the ladder moved and she slipped is insufficient. Here's another question, Counsel. Mr. Burton. Yes. When it comes before us on a grant of summary judgment, we have to know the review. And it has been repeated numerous times now. We function as a trial judge to determine whether judgment is, should be affirmed. And we get the entire record to review. We don't get just the motions that were filed in the first trial. We get the entire record. And if we come to the conclusion, what, why shouldn't we simply say the trial judge was too narrow in her focus as to the issue that she entered judgment on? That we're going to say, based on our review of the complaint, it alleges general negligence and not premises of negligence. And we're going to say, based on our review of the complaint, it alleges general negligence and not premises of negligence. And we can't, can't we, under our Genova review? You can look at anything that's properly in the record to make a decision. I would argue to you that those depositions, and you all agreed, those depositions submitted in the motion to reconsider were not properly in the record. So then that would mean that on an appeal from the summary judgment grant, we should only get the record that, you know, the trial judge was too narrow in her focus. Only that record that was before the judge on the, in the course of the summary judgment motion. But that, I don't think that's the rule. And if we have Genova review, why don't, why aren't we entitled to simply say, there's more evidence in the record that leads us to conclude that there's a, there's a tribal issue here? Because that, this Court and the State Supreme Court says you can't consider that. All right, information. And also, in regards to the narrowly tailored, her theory, the judge doesn't have a theory. It's the, it's the parties that create the theories that go before the judge. And it was your theory. It was the defendant's theory of the complaint filed by the plaintiff. Right, and the plaintiff came back in their response brief and said it's more than just about acts for a constructive notice. It's about negligence. They said that, and they cited the Reid case, and the judge said that's not an, not applicable to this case. And Reid is a. Why, why, yeah, okay, I understand. And Reid's a case where it's a nail and a pallet on the floor, and someone stepped on it. Unlike this particular case, where you have a ladder fixed to a surface and put into a pool. I just want to address briefly some of the comments of dissent. In regards to answers to the question of whether or not the defendant's theory is true. In regards to 213F1, 2, and 3 interrogatories, I would suggest that you cannot consider those, and the trial court couldn't consider those, because they weren't brought before the trial court for consideration of proposed testimony. They were merely filed on the eighth floor of the DLA Center. Same with the plaintiff's answers to the interrogatories. They were merely filed on the eighth floor of the DLA Center. It was not presented for the judge to look at. And what would the judge do? Go down to the eighth floor, rummage through documents, and look at them. And the judge is attempting to find a question of fact for the plaintiff. Well, wait a minute. The judge has the court file in front of the judge, at least should have the court file, and, you know, has a right to look at all of the pleadings, interrogatories, and whatever. And the judge should do that. He or she can look at the pleadings that are brought before her and meet an issue in the case. It's merely filing something and requiring the court to go rummage through a file in order to decide if one party has a right to look at all of the pleadings. If one party has a question of fact, it would be an advocate for one party, and it wouldn't be proper. It's proper for the plaintiff or the party that needs that evidence to present it for the judge. So you say a judge should only look at that which is presented to them on the motion, even though they have the file in front of them? Well, it's no indication here. So if you have an incompetent lawyer, you would just say, have to deal with it that way. A court that doesn't have to look for justice and look into the files. That's what you're telling us the job is. I'm not telling you that. You should look for justice. But there's longstanding precedent how we address these cases and how the court addresses evidence presented before them. And if the information is presented for the court to consider, then they can consider that. But they shouldn't be charged with searching the evidence. They don't have to do it. I'm not saying they have to do it. A good lawyer should point it out. But not everybody's a good lawyer, especially today. And you know what I think my job is? My job is to try to get it right. And not only that, given this case, given the procedural history now, there's a serious question. As to whether or not we made a mistake the first time around. And it's no different. It's no different than if the trial judge made a mistake the first time around. That's the point. In a de novo review and in a petition for rehearing, we get to revisit it. And the question is whether we're going to come out differently than the trial judge did. Although the trial judge intimated that she would have come out differently had she been given more maturity. And given the material that was readily available to her, and going back to Justice Gordon's point, there was no limit on what she could review. Anyway, that's what I'm looking for. I'm listening to you all back and forth. I just wanted to state what I think you are saying and what I think the position is on the law. The plaintiff has a right to say that. The plaintiff filed a complaint against Colonial Heights. You viewed it as a complaint for premises liability. You attacked it on the issue of notice. The plaintiff responded by saying there is notice, either actual or constructive, and even if there isn't, notice does not require because this is a negligence. They then attached whatever they thought was relevant to that motion and the judge ruled on what was given to the judge. Whether there were interrogatories available or depositions that were available. I mean, in this case there probably weren't that many, but there could have been 100 interrogatories and depositions because there could have been more parties. The judge is required to review what the judge is given to review. And once the judge makes a decision on the summary judgment motion, on a motion to reconsider, matters that were available to the plaintiff that they did not give are not in the, or they are not of record on that motion to reconsider because they are not newly discovered. They therefore cannot be considered by the trial judge. Even if it is a harsh position. And even if those matters were available to the plaintiff. Those documents may or may not have made the judge have a different decision. If the judge follows the law, the judges are not supposed to allow evidence that is not newly discovered to be presented to it on a motion to reconsider. That is correct. Let me stop you right there. Because I think the only way you can win in that position is if the judge was right on the premises liability question. If she was wrong that in fact the complaint states a negligence theory of liability, then, and which is a question that was raised during the course of the motion for reconsideration, then she should have said, you know what, my ruling was limited to this. But if my ruling was limited to the premises liability theory, now that you are pointing out to me that your complaint also states a negligence theory of liability, then I should have, then you would have given me more information. So if it is a question of law whether the complaint states it or not, then we can simply remand it and let it proceed. She considered the negligence theory. Did she? Did your summary motion judge, did your motion for summary judgment assert that there is no negligence theory of liability? No cause of action for pure negligence? My reply brief in support of my motion for summary judgment where I addressed Reed and said we warrant negligence, yes. And she addressed that on the original hearing and she limited the motion to reconsider hearing to Reed and whether or not we created the dangerous condition. Yes, it was addressed by the trial court. It was addressed initially in the motion, in the initial. It was addressed initially in the motion. All right. The judge would not allow any of the evidence in other than or would not go back to the premises liability issue, only did negligence on the motion to reconsider. Yes. Saying they didn't get that material when they should have. And the question, my question was, did your motion for summary judgment, the initial motion, not the briefs that were filed in support of the motion, did your motion for summary judgment say that there is no negligence theory of liability? There is no, that you're entitled to judgment even if this is a pure negligence theory in the complaint. Did your motion say that? No, it did not say that. Okay. But they brought it into the case and it was addressed. Doesn't matter. The judge had an obligation. I didn't mean to cut you off. I'm sorry, Justice. Doesn't matter? No, it doesn't matter. It doesn't matter because they have to bring forth information to ensure that they're entitled to trial. And they brought the negligence theory. Did the judge rule that the complaint does not state a negligence theory? That wasn't the issue before the judge in regards to the complaint. What if we decide that the complaint is sufficient to state a negligence theory? What's the outcome of that? I think that you would be searching a way to make up for an attorney who didn't do what he was supposed to do. I don't know. But you just said that the attorney didn't have to respond to the absence of the negligence theory because it was never asserted in your motion. If he has a negligence theory, a constructive or actual constructive notice theory, when he responded, that's when it's time for him to bring his theory of the case before the court. He just can't sit back. That's why we have waiver arguments. He just can't sit back. All right. There's no reason for you to be concerned about your decision at all.  All right. All right. All right. All right. All right. Thank you. Counsel, you have a couple of minutes. Thank you, Justices. It's obvious from your questioning that you put a lot of thought into this case, so I just try and breathe as free as I can. Well, you have a couple of minutes. Okay. Well, I'll take maybe less than that. The summary judge of procedure is very clear. I cited a great article by Judge Barbara McDonald in my motion to reconsider. A summary judge of motion has to begin by saying you cannot prove any element of your case. He just admitted they brought a motion based on notice. Notice is not an element of our case.  Thank you. Thank you. Thank you. Thank you. Thank you. Thank you. Thank you. Thank you. Thank you. And thank you all. We will certainly take the case under advisement.